INLAND COMPRESS CO. *et al.* v. LEE, *Public Weigher.*

No. 6017.    Opinion Filed April 6, 1915.

(147 Pac. 775.)

1. **WEIGHTS AND MEASURES—Right to Weigh Cotton—Competition with Public Weigher—Compress Company.** A compress company, having a storage yard in connection with its compress, is not prohibited by the provisions of chapter 16, art. 15, secs. 1738-1749, Rev. Laws 1910, relating to the office of public weigher, from weighing cotton brought to it and left with it for storage, and charging 25 cents per bale storage thereon to the purchaser or owner thereof at the time the cotton is shipped out, when such charge is in good faith, and not for the purpose of obtaining cotton to weigh, or otherwise to compete with the public weigher.

2. **SAME—Injunction.** It is not unlawful for a compress company or its agents to weigh without charge cotton brought to it with

request that it be weighed, provided, such compress company or its agents are in no wise interested as dealer or speculator in the sale or purchase of cotton sold by weight; and an injunction will not lie at the instance of the county weigher to prevent such weighing by the said company or its agents.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*
*Jesse M. Hatchett, Judge.*

Injunction by Ben Lee, Public Weigher, against the Inland Compress Company and others. Judgment for plaintiff, and defendants bring error. Reversed, and case dismissed.

*Keaton, Wells & Johnston* and *Utterback, Hayes & MacDonald,* for plaintiffs in error.

*Hatchett & Ferguson,* for defendant in error.

BROWN, J. This action was brought by defendant in error in the district court of Bryan county against the plaintiffs in error to enjoin plaintiffs in error from weighing cotton for the public in said county. Reference to the parties here will be in the relation they occupied in the trial court, viz., defendant here as plaintiff and plaintiffs here as defendants. In his petition plaintiff alleged he was the duly elected, and acting public weigher in Bryan county, and as such entitled to charge and receive the statutory fee for weighing articles as public weigher in said county, and that it was unlawful for any other person therein to weigh cotton for the public therein. It is further alleged:

"Plaintiff further states that, notwithstanding the fact that the defendants, Inland Compress Company, Tom Clark, and J. E. Wimsatt, are neither the public weigher nor the authorized deputies of the public weigher of Bryan county, Okla., and make no claim or pretense that they are such, nevertheless said defendants are now and for several days past have been, constantly and daily weighing cotton at Durant, Okla., for numerous persons, and either exacting, receiving, and collecting charges therefor directly or in-

directly, or weighing the same for the purpose of securing the storage thereon, in violation of the statutes of this state and the rights of this plaintiff; that said defendants have been and are now daily engaged in competition with the public weigher and his deputies in the city of Durant, Okla.; that they have diverted and are diverting a large amount of business from said public weigher and his deputies and have rendered the office of public weigher at Durant, in Bryan county, Okla., unremunerative.  *  *  *"

Plaintiff prays that defendants be enjoined from weighing any cotton in said county. The defendants answered as follows:

"Defendants admit that neither of them is the duly authorized deputy of the said Ben Lee; they admit that the said Tom Clark and J. E. Wimsatt are agents and employees of the Inland Compress Company, and say that the Inland Compress Company is in the compressing business at Durant, Okla., and run in connection with their business, as is necessary, a cotton yard, where the bales of cotton are stored preparatory to compressing; that they have been and are now weighing such cotton as is brought there for storage, preparatory to compressing; but deny that they are in competition with the public weigher and his deputies in the city of Durant, Okla.; they state that they weigh the cotton that is brought there and do not charge anything therefor; that the only charge they make is 25 cents storage, and this is collected when the cotton is shipped, from the person for whom the compressing and shipment is made."

The undisputed evidence shows the defendants maintained a cotton yard in connection with their compressing business, in which they received and stored all cotton brought for the purpose of being compressed, and that the only charge made was 25 cents per bale, charged as storage and collected when the cotton was shipped out, and from the person or persons for whom the compressing and shipping was done. There was no evidence that any of the defendants ever claimed or pretended to be official public weighers, but the compress company weighed all cotton brought to them, and which they were requested to weigh,

whether the same was left or stored with them or not, but made no charge for weighing any cotton not left with them for storage or compressing. No charge was made against the producer or seller of cotton weighed by the compress company unless he left it with the company for compressing and was also the owner or shipper of the cotton at the time the same was ordered out, in which event he was charged 25 cents per bale as storage the same other owners or shippers.

By the judgment of the trial court the defendants, and each of them, were perpetually enjoined and restrained from weighing any cotton for the public, and from holding themselves out as public weighers in Bryan county. The case comes to us upon error prosecuted by the defendants below on six assignments of error, the substance of which is that the judgment of the trial court is not sustained by and is contrary to the evidence, and contrary to law. Council for plaintiffs in error treat all their assignments together, and we will likewise consider them.

The only questions for our determination are: First, under the law of Oklahoma as it existed at the time, did the compress company, having a storage yard in connection with its compress, have a right to weigh all cotton brought to it and left with it for compressing and to charge the purchaser or owner thereof, at the time the same was ordered or shipped out, 25 cents per bale as storage on said cotton? And, second, was it unlawful for said compress company and its employees to weigh without charge all other cotton brought to it with request that it weigh the same?

The law of Oklahoma in force at the time plaintiff's action was brought, and at the date of the commission of the acts complained of, is found in Rev. Laws 1910, secs. 1738 to 1749, inclusive. Section 1738 defines the qualifications of the public weigher. Section 1739 provides that

he shall give bond to the county in which he is appointed or elected. Section 1740 authorizes the appointment of deputies by the public weigher and requires bonds to be given by such deputies and requires them to keep a record of their transactions as such officers. Section 1741 requires the public weigher to keep his office at the county seat, and that his office shall be procured and maintained by him at his own expense, together with all books and stationery necessary to be used therein, and also provides that he shall procure all scales necessary or used by him in the conduct of his office.

Section 1742 provides as follows:

"It shall be the duty of the sheriff of each county, in person or by his regular deputies, to inspect and test all scales used by the public weigher, or any deputy weigher, and such scales shall be tested with the United States standard weights; and such sheriff shall place his seal upon all such tested scales, at a conspicuous place, which seal shall be *prima facie* evidence of such test, and such test shall be made once each three months, upon all scales so used. Said sheriff shall make a report in writing, setting forth the date of such test, the result thereof, and specifying the scales so tested, together with the name of the public weigher or deputy weigher using such scales, and where the same are located. * * * Provided further, that the sheriff or his deputy shall have the same authority for regulating all scales, either public or private, if they be used to weigh for the public either with or without hire."

Section 1743 provides as follows:

"It shall be the duty of every public weigher, or deputy weigher, within his county, to receive, inspect and weigh, according to the standard weights of the United States, all cotton, grain of every kind, live stock, hay, cotton seed, coal, wood, broom corn and all other farm products sold by weight, and such articles shall be weighed by such weigher in the order in which they are received, and he shall, at the time of such weighing, make a record in duplicate form, either upon a stub attached, or by a carbon duplicate sheet, such records to be in a binding and kept for

future reference. Such record shall contain a statement as to the article, its gross and net weight, its condition and the date of its weighing, together with the description of any marks, brands or other peculiarity essential to the complete description thereof. A copy of such entry shall be furnished the person applying for such weights. Said statement of the record of each weight shall be signed by the official weigher, and all such weights, when so made by the public weigher, shall be taken as the legal weight of any commodity mentioned in this section."

Section 1744 provides that the books and records of the county weigher shall at all times be open to inspection of any citizen.

Section 1745 provides as follows:

"The purchaser of an article, weighed upon the official scales of any public weigher or deputy weigher, shall receive and accept such weights as official and correct, and no person, not a public weigher or deputy shall hold himself out as such: Provided, that nothing herein shall prevent the purchaser and seller of cotton or other product from agreeing upon the proper dockage of the cotton or article sold, which may be net. No person shall be appointed as a county weigher or deputy weigher or *weigh for the public* who is in any wise interested as a dealer or speculator, or as an agent or employee of any firm, company or corporation in the sale or purchase of cotton, grain, live stock, hay, cotton seed, coal, broom corn, and all other farm products sold by weight."

Section 1746 relates to the weighing of cattle only.

Section 1748 authorizes any person to weigh his own products and provides that the act shall not be construed to require the weighing of vegetables, poultry, eggs, or dairy products.

Section 1749 provides as follows:

"Any public weigher or deputy weigher violating any of the provisions of this article, or refusing to receive and weigh any commodity herein, or who incorrectly weighs the same shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than ten dollars nor more than one hundred dollars, in the discretion of the

court; he may be removed from office; and any person, either a purchaser or a dealer, in any of the commodities weighed upon such private scales who, with intent to cheat or defraud any person, firm or corporation with plates, sand packs, false packs or water packs in cotton, uses any device, trick or scheme for the purpose of obtaining false weights to his advantage, or to the disadvantage of any person, firm or corporation, and every ginner of cotton or any other person who is a party to such defrauding, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than ten dollars nor more than one hundred dollars.   *   *   *   Any person, firm or corporation who, in violation of the provisions of this article, weighs any of the products mentioned herein for other persons, and who exacts or receives any charges, therefor, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than ten nor more than one hundred dollars: Provided, however, that any person, firm or corporation may weigh any product for any other person, if such person, firm or corporation so weighing is a *bona fide* purchaser of such product; but no charges shall be made or received for such weighing under the penalty aforesaid."

It will be seen from the provisions of the statutes above referred to that the sheriff and his deputy whose duty it is to inspect and test all scales used by the public weigher or any deputy weigher, "shall have the same authority for regulating all scales, either public or private, if they be used to weigh for the public, either with or without hire."   (Section 1742.)   And further:

"The purchaser of an article, weighed upon the official scales of any public weigher or deputy weigher, shall receive and accept such weights as official and correct, and no person, not a public weigher or deputy, shall hold himself out as such: Provided, that nothing herein shall prevent the purchaser and seller of cotton or other product from agreeing upon the proper dockage of the cotton or articles sold, which may be net.   No person sall be appointed as a county weigher or deputy weigher or *weigh for the public* who is in any wise interested as a dealer or speculator, or as an agent or employee of any firm, com-

pany or corporation, in the sale or purchase of cotton, grain, live stock, hay, cotton seed, coal, broom corn, and all other farm products sold by weight." (Section 1745.)

In section 1743 it is provided the public weigher and his deputies, at the time of weighing cotton or other commodities therein mentioned, shall make a duplicate record thereof which shall contain a statement describing the article, stating its gross and net weight, date of weighing, marks and brands thereon, etc., and shall furnish the party or person applying for said weight a copy thereof signed by him officially, and it is provided further:

"And all such weights, when so made by the public weigher, shall be taken as the legal weight of any commodity mentioned in this section."

It is also provided in section 1749 that any person, either a purchaser or dealer in any of the commodities weighed upon private scales—

"who, with intent to cheat or defraud any person, firm or corporation with plates, sand packs, false packs or water packs in cotton, uses any device, trick or scheme for the purpose of obtaining false weights to his advantage, or to the disadvantage of any * * * firm or corporation, and every ginner of cotton or any other person who is a party to such defrauding, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than ten nor more than one hundred dollars."

And in said section 1749, it is further provided:

"Any person, firm, or corporation who, in violation of the provisions of this article, weighs any of the products mentioned herein for other persons, and who exacts or receives any charges therefor, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than ten nor more than one hundred dollars: Provided, however, that any person, firm or corporation may weigh any product for any other person, if such person, firm or corporation so weighing is a *bona fide* purchaser of such product; but no charges shall be made or received for such weighing under the penalty aforesaid."

Under these provisions of the statute no person other than a public weigher or his deputy is authorized to hold himself out as such or to charge or to receive pay 'for cotton or other products weighed for other persons. But we think it is within the contemplation of the law that persons not holding themselves out as public weighers may, without pay, weigh cotton or such other products upon their private scales for other persons when requested so to do.

Counsel for defendant in error appear to construe section 1743, which provides that it shall be the duty of every public weigher, or deputy weigher, within his county, to receive, inspect, and weigh, according to the standard weights of the United States, *all* cotton, grain of every kind, live stock, etc., "as conferring upon the public weigher and his deputies the exclusive right to weigh all such products for market in the county," but we cannot agree with this contention. We think the effect of this section of the statute is to require the public weigher and his deputies to weigh and otherwise comply with the provisions of said section as to all products and articles tendered him for the purpose of being weighed and with a request so to do. To give the section any other construction would bring it in direct conflict with other provisions of the statute authorizing persons to weigh their own products and require of the public weigher an impossibility, to-wit, to weigh articles that never came to him.

There was no evidence tending to show that the compress company or either of the defendants held themselves out as public weighers or were in any wise interested as a dealer or speculator, or as agent or employee of any firm, company, or corporation in the sale or purchase of cotton, or of any farm products sold by weight, or that the defendants were guilty of fraud in charging for storage only as a means to get cotton to weigh or otherwise to compete with plaintiff. The law creating a public weigher was evidently

intended for the benefit and protection of the producers of farm products, and not to create a remunerative office, and it appears from the uncontroverted evidence in the case that the rule adopted by the compress company and the defendants was highly beneficial to such producers, to the extent that they were thereby saved the expense of ten cents a bale for cotton sold or weighed at the compress, and that all charges on cotton sold and left at the compress were charged and collected from purchasers, at least in so far as the compress company and the defendants were concerned. There is evidence that some of the purchasers of cotton stored at the compress charged the seller or producer 10 cents per bale and deducted such charge from the purchase price thereof, but there is no evidence that this was imputable to the defendants, or any of them, or that they received any benefit therefrom, or any part of the money so charged and collected.

Consideration of other questions raised by plaintiff or defendants is unnecessary.

Instead of rendering judgment perpetuating the injunction prayed for by plaintiff below, the judgment of the trial court should have denied the injunction, and the case is therefore reversed, and said case is dismissed.

All the Justices concur, except KANE, C. J., and SHARP, J., not participating.