**LOCKHART, County Weigher, et al. v. ANDERSON et al.**

No. 8331—Opinion Filed Jan. 16, 1917.
(162 Pac. 946.)

**Constitutional Law—Weights and Measures —Statutes — Validity — Equal Protection of Law—Due Process of Law.**

Act of the Legislature of this state approved April 1, 1915, entitled "An act providing for the weighing of cotton at cotton compresses and making it a penalty for violation thereof, and repealing section 5 of chapter 24 of the Session Laws of 1913" (Sess. Laws 1915, p. 379), denies the right of a party to legitimately contract as to the weighing of cotton bought and delivered to a compress for compression, deprives one of his property other than by due process of law, and denies the equal protection of the law, and is therefore unconstitutional and void.

(Syllabus by Collier, C.)

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by F. E. Anderson, M. D. Anderson, B. Clayton, and W. L. Clayton, partners doing business as Anderson, Clayton & Co., against George D. Lockhart, county weigher, and another. There was a judgment for plaintiffs, and defendants bring error. Affirmed.

John Embry, Co. Atty., and Paul Van Winkle, Asst. Co. Atty., for plaintiffs in error.

Burwell, Crockett & Johnson, for defendants in error.

Opinion by COLLIER, C. This action was instituted by Anderson, Clayton & Co., a firm to enjoin Geo. D. Lockhart, county weigher, and J. B. Goodnight, deputy county weigher, of Oklahoma county, from proceeding under authority apparently vested in them by an act of the Legislature of this state approved April 1, 1915, Session Laws 1915, p. 379, upon the ground that the said act is unconstitutional. Hereinafter the parties will be referred to as they were in the trial court. The act reads:

"Section 1. It shall be the duty of the county weigher of any county of the state of Oklahoma, where there is located a cotton compress or compresses, within thirty days after the final passage of this act, to either perform the following duties himself, or appoint a deputy to perform duch duties, under the laws of the state of Oklahoma.

"It shall be the duty of said county weigher, or his legalized deputy or deputies, to weigh each and every bale of cotton immediately before the same is compressed, and it shall also be his duty to keep a complete record of the number of bales so weighed, giving the yard and compress number of the same.

"Sec. 2. The county weigher, or his deputy, shall receive compensation for the weighing of cotton in the sum of five cents for each bale, to be paid by the purchaser or purchasers of said cotton: Provided, that no weigher or deputy weigher shall receive a yearly compensation of more than twelve hundred ($1,200) dollars. Any sum collected by him in excess of said twelve hundred dollars ($1,200) shall be turned into the salary fund of said county in which said compress or compresses are located.

"Sec. 3. Any interested persons, not satisfied with the weights or weighing, shall have the right to ask the sheriff of the county in which said cotton compress or compresses are located to test said scales and the sheriff, or his deputy shall immediately upon receipt of such request comply with same.

"Sec. 4. Any person, firm or corporation engaged in the cotton business shall have the right to be present at the weighing of any cotton they may purchase or desire to purchase, and when any cotton shall be weighed in their presence they shall accept the weights as being correct and make final settlement on the same.

"Sec. 5. That section 5 of chapter 24 of the Session Laws of Oklahoma of 1913, is hereby repealed.

"Sec. 6. Any person, firm or corporation failing or refusing to comply with this act shall be deemed guilty of a misdemeanor and upon conviction shall be subject to a fine of not less than fifty dollars ($50) nor more than five hundred dollars ($500)."

A temporary injunction upon hearing was granted, and upon final hearing of the cause it was by the evidence shown that said county weigher had against the objection of the plaintiffs weighed at the compress in Oklahoma City cotton belonging to said firm, and demanded payment therefor at five cents per bale, and would continue to do so. It further appears from the evidence that the principal business of defendants in error was purchasing cotton from local dealers outside of Oklahoma City, which cotton was shipped to a compress in Oklahoma City. The temporary injunction was made permanent. Thereupon the plaintiffs in error moved for a new trial, which was overruled and excepted to, and bring error to review the judgment rendered.

There is but one question involved in this case, the constitutionality of the act of the Legislature hereinbefore set out. The act of the Legislature of March 7, 1913, Session Laws 1913, pp. 41 and 42, is as follows:

"Section 1. Every person, firm or corporation in the state of Oklahoma, engaged in the business of cotton buying, where lists of baled cotton are purchased from local buyers, and the said cotton stored in cotton yards or cotton warehouses owned or operated by cotton weights, shall, before removing same, have said cotton reweighed.

"Sec. 2. Every owner or operator of a cotton yard or warehouse in the state of Oklahoma, shall be required, before allowing any cotton to be removed from his yard, or warehouse, to reweigh same in the presence of the owner or purchaser, or some agent of said purchaser, or owner of same; and, with indelible ink, mark on the bale, in figures, the weight of the bale.

"Sec. 3. Any interested persons, not satisfied with the weights or weighing, shall have the right to ask the sheriff of the county in which said cotton yard or warehouse is located to test said scales and the sheriff, or his deputy, shall immediately upon receipt of such request comply with same: Provided, the purchaser shall pay the fee of the second weighing.

"Sec. 4. Persons, firms, or corporations engaged in the cotton business, coming under the provisions of this act, shall have the right to be present at the reweighing of any cotton they may purchase or desire to purchase, and when any cotton shall be reweighed in their presence they shall accept the weights as being correct and make final settlement on the same.

"Sec. 5. When a list of cotton has been reweighed before leaving the cotton yard, according to the provisions of this act, the transaction between the buyer and seller as to weights, shall be at an end and neither party shall have any recourse on the other.

"Sec. 6. Any person, firm or corporation, failing or refusing to comply with this act, shall be deemed guilty of a misdemeanor and upon conviction shall be subject to a fine of not less than fifty dollars ($50) nor more than five hundred dollars ($500)."

In the case of Taylor v. Anderson, 40 Okla. 316, 137 Pac. 1183, 51 L. R. A. (N. S.) 731, this court declared the above legislative act of March 7, 1913, unconstitutional. It therefore becomes necessary to see what difference, if any, there is in the two acts, and whether or not the act under review is subject to the same constitutional objection as the one held unconstitutional by Judge Turner. Sections 3 and 4 of the two acts are identical. Section 1 of said act compels the county weigher to weigh the cotton before it is compressed, and section 2 of the act provides for the payment of the county weigher of five cents per bale by the purchaser for the weighing of such cotton. It therefore clearly appears that the two acts are identical except as to said sections 1 and 2, and the repeal of section 5 of the last-named act. The question is as to whether or not the compelling of the weighing of the cotton and requiring the payment to the county weigher by the purchaser of the fee for weighing same, and the repeal of section 5, so amends the law as to meet the objection of unconstitutionality as held in Taylor v. Anderson, supra.

We think that the said case of Taylor v. Anderson particularly turns on section 5 of the original act, which was repealed by the act under review, and that therefore said case is not conclusive of the question involved in the instant case, that the act under review is unconstitutional.

It is our opinion, and we so hold, that sections 1 and 2 deny the right of a party to legitimately contract as to the weighing of cotton bought and delivered to a compress for compression, and therefore said act impairs the right to contract and is violative of section 7, art. 2, of our Constitution.

"The 'liberty' guaranteed by the Constitution includes the right to * * * buy and sell, make contracts and have them enforced as others may." State of Missouri v. W. H. Loomis, 115 Mo. 307, 22 S. W. 350, 21 L. R. A. 789.

Can it be said that a party may not legitimately contract in purchasing cotton as to the weights by which they are to be governed? We think not. Suppose a purchaser of cotton in the interior contracts that the weight of the cotton shall be determined by a designated party, that said cotton is shipped to a compress, the weight thereof being previously determined by the party designated for such weighing, and the transaction closed, would it not clearly interfere with the right of contract to require that said cotton be reweighed and a fee charged therefor? We think it would.

Section 2 of said act requires the purchaser to pay a fee for weighing cotton over his objection and without benefit to him from such weighing, and he is therefore deprived of his property other than by due process of law. We deem it unnecessary to cite authorities in support of the contention that to require the payment of such fee would be to infringe the provision of the Constitution that one cannot be deprived of his property except by due process of law.

Again the weighing provided for by said act only relates to cotton that is shipped to a compress, and in no wise affects cotton which is not shipped to a compress. It therefore clearly denies the "equal protection of the law" guaranteed by the Fourteenth Amendment to the United States Constitution, and brings an unequal burden upon those who purchase and ship to a compress, and is violative of the said Fourteenth Amendment.

The act under review cannot be upheld as an exercise of the police power of the state, because it cannot be seen that the object of the law in some degree tends towards the prevention of some offense or manifest evil, or that it has for its aim the preservation of the public health, morals, safety, or welfare. State ex rel. Wyatt v. Ashbrook, 154 Mo. 375, 55 S. W. 627, 48 L. R. A. 265, 77 Am. St. Rep. 765.

"The limitation of the legislative police power is that such a statute must have a reasonable connection with the welfare of the people." People v. Havnor, 149 N. Y. 195, 43 N. E. 541, 31 L. R. A. 689, 52 Am. St. Rep. 707; People v. Warden, 157 N. Y. 116, 51 N. E. 1006, 43 L. R. A. 264, 68 Am. St. Rep. 763.

We are therefore of the opinion and so hold that the act under review interferes with the right to contract, denies the equal protection of the laws, and deprives the purchaser of his property without due process of law, and that the trial court was free from error in awarding a permanent injunction in this case.

Under the view we take of the act under review we deem it unnecessary to consider whether or not the enforcement of the payment of the fine provided by said acts for the violation of the provisions thereof would be imprisonment for debt.

Sections 1 and 2 of the act under review, being in derogation of the provisions of the Constitution hereinbefore noted, emasculate the entire act, and in our opinion the entire act must fall, and we so hold.

The judgment is affirmed.

By the Court: It is so ordered.