## INTERSTATE COMPRESS CO. v. COLLEY.

No. 10629—Opinion Filed Dec. 19, 1922.

(Syllabus.)

1. **Weights and Measures — Public Weigher Statute—Constitutionality.**

Chapter 16, art. 15, Rev. Laws 1910, an act relating to "public weigher," is not unconstitutional because it contains a provision which provides that the purchaser of an article weighed upon the official scales of any public weigher or deputy shall receive and accept said weight as official and correct.

Quaere: whether that portion of section 1745 which provides the purchaser of an article weighed upon the official scales shall receive and accept said weight as correct is constitutional is not determined.

2. **Same—Definition of "Public Weigher" and "Deputy."**

The term "public weigher," as used in chapter 16, art. 15, Rev. Laws 1910, and in section 1745 thereof, refers to the official who has been elected, appointed, or qualified and holding said office, and the term "deputy" refers to a person who has been appointed as a deputy.

3. **Same—Action for Penalty for Violation of Act—Issues and Proof.**

In an action by a public weigher to collect the penalty provided in section 1747, Rev. Laws 1910, alleging that defendant had held himself out as a public weigher or deputy, it is necessary to allege and prove that the person held himself out as the official public weigher or official deputy.

4. **Same.**

In an action to recover the penalty provided in section 1747, Rev. Laws 1910, for violating the provisions which provided: * * * "Weigh for the public who is in any wise interested as a dealer or speculator, or as an agent or employe of any firm," etc., held, it is necessary to prove that the person engaged in weighing was a dealer or speculator, agent or employe of a firm or corporation in the sale or purchase of cotton, etc., or other farm products.

5. **Same—Insufficiency of Evidence.**

The record examined, and held, the evidence insufficient to support the verdict.

Error from District Court, Comanche County; Cham Jones, Judge.

Action by I. F. Colley against the Interstate Compress Company to recover penalty for violation of public weigher law. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Keaton, Wells & Johnston and W. C. Stevens, for plaintiff in error.

J. A. Thomas and J. A. Hughes, for defendant in error.

McNEILL, J. This action was commenced in the district court of Comanche county by I. F. Colley, as public weigher of said county, against the Interstate Compress Company to recover the penalty as damages as provided in section 1747, Rev. Laws 1910, for violating certain portions of section 1745, Rev. Laws 1910. The third amended petition alleged the plaintiff was the public weigher and maintained scales at Lawton, Okla., during the years 1917 and 1918, and the defendant company was not a public weigher, but installed scales near its compress and held itself out to the public as a public weigher and a weigher of cotton for buyers and collected a fee therefor in violation of chapter 16, art. 15, Rev. Laws 1910.

The second cause of action alleged the defendant held itself out as a public weigher and weighed certain cotton for the Independent Cotton Mill Company charged and collected a fee of five cents per bale. Plaintiff prayed for judgment for the damages as provided for in section 1747, Rev. Laws 1910.

To this petition the defendant filed an answer. The issues as defined by the court were submitted to the jury, and the jury returned a verdict in favor of plaintiff and against the defendant in the sum of $550.00. Motion for new trial was filed and overruled, and judgment rendered on the verdict. From said judgment the defendant has appealed.

For reversal the defendant contends, first, that under the pleadings and evidence plaintiff is not entitled to recover, and the trial court erred in overruling the demurrer of defendant to plaintiff's evidence, and in refusing to instruct the jury to return a verdict for the defendant.

It is first contended that the provision in section 1745, Rev. Laws 1910, which provides that the purchaser of an article weighed upon the official scales of a public weigher or deputy weigher shall receive and accept said weight as official and correct, renders the entire act void in so far as it pertains to penalty against parties other than the county weigher or his deputy for weighing cotton or other farm products either with or without hire. In support of said contention the plaintiff in error relies upon cases of Inland Compress Co. v. Lee, 47 Okla. 101, 147 Pac. 775; Taylor v. Anderson, 40 Okla. 316, 137 Pac. 1183; Lockhart v. Anderson, 62 Okla. 209, 162 Pac. 946. This court in considering the above cases had under consideration act approved March 7, 1913, Session Laws 1913, chapter 24, and act approved April 1, 1915, Session Laws 1915, chapter 186. In the case of Taylor v. Anderson et al., supra, this court used this language:

"We are therefore of the opinion that the whole act is unconstitutional and must fall. We say the whole act for the reason that the purpose of the act was to accomplish one object only, which was to make the determination of the weights by the weighmaster conclusive evidence of that fact. Where such is the case, the whole act must fall, for it is impossible to suppose that the Legislature would have passed the act with its ultimate object eliminated therefrom."

The purpose of the act relating to public weigher or the purpose of section 1745 was not only to accomplish one object, to wit, to make the determination by the weighmaster conclusive evidence of that fact. Section 1745, Rev. Laws 1910, had other objects in view to wit:

First, to prohibit certain persons from being appointed county weigher or deputy.

Second, to prohibit people engaged as dealers or speculators or agents or employes of firms engaged in the sale or purchase of cotton from weighing for the general public.

Another purpose of the act was to insure correct weights, provide for inspection of scales, and making a penalty for violation of the provisions thereof.

It is next argued under this assignment of error that the demurrer to the evidence and the motion to direct the verdict challenged the sufficiency of the evidence to support a judgment for plaintiff. The plaintiff in his petition alleged that the defendant held itself out to the public as a public weigher and a weigher of cotton for buyers and collected a fee therefor in violation of law. The petition stated a cause of action for violation of section 1745, Rev. Laws 1910, and subjected the parties to the penalty provided in section 1747, Rev. Laws 1910. The only question for consideration is whether the plaintiff produced sufficient evidence to support the allegations of the petition. The first provision of section 1745, Rev. Laws 1910, that is applicable to the facts in the case at bar is the following provision, to wit:

"No person not a public weigher or deputy shall hold himself out as such."

The court in instruction No. 3 advised the jury:

"The act of weighing cotton continuously for the general public for hire or compensation is sufficient under the law to constitute the holding out of such person, firm, or corporation as a public weigher."

This portion of the instruction was clearly erroneous. The term "public weigher," as used in chapter 16, art. 15, Rev. Laws 1910, and in section 1745, Rev. Laws 1910, thereof, refers to the public official as defined in said act. The instruction did not limit the term to holding out of such person as an official public weigher or deputy. There is no evidence in the record that the company or its agent ever held itself out as the official public weigher or as an official deputy, therefore the judgment cannot be supported for violating the above portion of the statute.

The next provision of the statute is:

"No person shall be appointed as a county weigher or deputy weigher, or weigh for the public who is in any wise interested as a dealer or speculator or as an agent or employe of any firm or corporation in the sale or purchase of cotton," etc.

This court in the case of Snyder Co-Operative Ass'n v. Brown, 70 Oklahoma, 172 Pac. 789, held that the dealer or speculator who weighed cotton and charged a fee therefor is liable for penalty under section 1747, Rev. Laws 1910. There is no evidence in the record that the defendant company or its agents were dealers or speculators in cotton or were agents or employes of any firm or corporation engaged in the sale or purchase of cotton, although the company weighed cotton for the public, there being no evidence in the record that the company was a dealer or speculator or the agent or employe of any firm engaged in the purchase of cotton. This portion of the section does not subject every person who weighs cotton to the penalty provided for in section 1747, but limits it to certain persons. Therefore the judgment cannot be sustained for violating this portion of the statute. Whether the defendant would be liable for the damages to the plaintiff for violating any part of section 1749, Rev. Laws 1910, it is unnecessary for us to determine, as the case was not tried upon that theory.

We therefore conclude: First, the evidence fails to disclose that the defendant or its agent held itself out as an official public weigher or official public deputy in violation of section 1745, supra. Second, there was no evidence that the company was interested as a dealer or speculator or was an agent or employe of a firm or corporation in the sale or purchase of cotton, and therefore violated the provisions of section 1745, Rev. Laws 1910; therefore would not be liable for the penalty provided in section 1747, Rev. Laws 1910.

For the reasons stated, the judgment is reversed and remanded, with instructions to set aside the judgment and grant the plaintiff in error a new trial.

HARRISON. C. J., and MILLER, KENNAMER, NICHOLSON. and COCHRAN, JJ., concur.