## HOLLIS v. ADAMS GIN CO. et al.

No. 15863—Opinion Filed Oct. 27, 1925.

Rehearing Denied Nov. 24. 1925.

1. **Weights and Measures — Public Weigher Statutes—Effect of Amendment.**

The proviso of section 1749, Rev. Laws 1910 (5954, C. S. 1921), which authorizes the weighing of farm products by a bona fide purchaser was not repealed by the 1919 amendment of section 1745, Rev. Laws 1910.

2. **Statutes — Presumption Against Implied Repeal of Special Provision by General Provision.**

Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general. Union Savings Ass'n v. Burns, 74 Okla. 1, 176 Pac. 227.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Harmon County; Frank Mathews, Judge.

Action by George E. Hollis, County Weigher, against Adams Gin Company et al. Judgment for defendants, and plaintiff appeals. Affirmed.

C. H. Madden, for plaintiff in error.

Cottingham, McInnis & Green, R. D. Miller, and Frank G. Anderson, for defendants in error.

Opinion by RAY, C. George E. Hollis, public weigher, brought this suit to enjoin the Adams Gin Company and certain other gin companies operating in Harmon county, from weighing cotton bought and sold by them. A general demurrer being sustained to his petition, he elected to stand upon his petition and appealed.

Paragraph 3 of the petition is as follows:

"That for sometime past, several years, and at the present time, the said defendants, in addition to ginning for the public, have

engaged in the buying and selling of cotton; and have failed, neglected and refused to weigh the same or to have the same weighed over the official scales of the county weigher, but instead have weighed said cotton and paid the producer or seller on the basis of their own weight, in strict violation of the laws of the state of Oklahoma, in such case made and provided, to the great loss and damage of the said county weigher; that said defendants threaten to continue said practice of unlawful weighing over their own scales said cotton so bought and sold by them and thereby rendering the office of the county weigher ineffectual and of no force and effect, to the great loss and damage of this plaintiff, and said plaintiff has no adequate remedy at law."

It is not alleged in the petition that the defendants, or any of them, made any charge for the weighing complained of, or were holding themselves out as public weighers, or were weighing cotton other than that bought or sold by them.

The statutes relating to the office of public weigher were construed by this court in the case of Inland Compress Co. v. Lee, Public Weigher, 47 Okla. 101, 147 Pac. 775. In that case, suit was brought by the public weigher of Bryan county to enjoin a compress company from weighing cotton for the public in that county. The court, upon a careful consideration of the statutes then in force, being chapter 16, art. 15, Revised Laws 1910, held that no person other than a public weigher, or his deputy, was authorized to hold himself out as such, or to charge or to receive pay for weighing cotton or other products weighed for other persons, but that it was in contemplation of the statutes that persons not holding themselves out as public weighers could, without pay, weigh cotton or such other products upon their private scales for other persons when requested so to do. In that case, the evidence was that the compress company was making no charge for weighing cotton, and was not holding itself out as a public weigher, but weighed all cotton brought to it without charge. The judgment of the trial court was reversed, with directions to dismiss the action. Since that case was decided, the law has been amended in one particular only. Section 1745, Rev. Laws 1910, was amended in 1919, Session Laws 1919, chap. 181, page 256. The amended section is 5950, C. S. 1921. Prior to the amendment, that section read:

"The purchaser of an article weighed upon the official scales of any county weigher or deputy county weigher, shall receive and accept such weights as official and correct, and no person, not a county weigher or a deputy county weigher, shall hold himself out as such. Provided, that nothing herein shall prevent the purchaser and seller of cotton or other products from agreeing upon the proper dockage of the cotton or article sold which may be net. No person shall be appointed as a county weigher or deputy weigher or weigh for the public who is in any wise interested as a dealer or speculator, or as an agent or employe of any firm, company or corporation in the sale or purchase of cotton, grain, livestock, hay, cotton seed, broom corn and all other farm products sold by weight."

The 1919 amendment consists of the single clause, "or be allowed to weigh any of the before mentioned articles offered for sale," being incorporated into the section following the word "such" at the end of the first sentence, so that the first sentence of the amended section reads:

"The purchaser of an article weighed upon the official scales of any county weigher or deputy county weigher, shall receive and accept such weights as official and correct, and no person, not a county weigher or a deputy weigher, shall hold himself out as such, **or be allowed to weigh any of the before mentioned articles offered for sale.**"

We think it is clear that the amended section, if standing alone, would prohibit anyone, not a public weigher, from weighing cotton and other products offered for sale. But if the language be given a strict and literal construction, it wholly destroys section 1748 (5953, C. S. 1921), and the proviso of section 1749, brought forward as section 5954, C. S. 1921.

Section 5953, Comp. St. 1921 (1748, Rev. Laws 1910):

"Nothing in the provisions of this article shall be construed so as to prohibit any person from weighing his own products; and this article shall not be so construed as to require the weighing of vegetables, poultry, eggs or dairy products."

Section 5954 (1749, Rev. Laws 1910) fixes the penalties for violation of the law, and concludes with this proviso:

"Provided, however, that any person, firm or corporation may weigh any product for any other person, if such person, firm or corporation so weighing is a bona fide purchaser of such product; but no charges shall be made or received for such weighing under the penalty aforesaid."

The contention of the plaintiff that the proviso of section 1749, Rev. Laws 1910, brought forward in the compilation as section 5954, was repealed by implication by

the 1919 amendment is not tenable. The amendment is in apparent conflict with the proviso and with section 5953, which permits one to weigh his own products, but it is not conceivable that it was the intention of the Legislature to make so radical a change in the then existing law by a repeal by implication.

Section 5953 and the proviso of section 5954 are special provisions permitting anyone to weigh his own products, and permitting a bona fide purchaser to weigh such products, but denying to them the right to charge for such weighing. Section 5950, being the amended section, if strictly construed, standing alone, prohibits one from weighing his own products as well as prohibiting a bona fide purchaser from weighing products purchased. The general rule is as stated in Union Savings Assn. v. Burns, 74 Okla. 1, 176 Pac. 227:

"Where there are two statutes upon the same subject, the earlier being special and the later general, the presumption is, in the absence of an express repeal, or an absolute incompatibility, that the special is to remain in force as an exception to the general, and that all matters covered by the special act shall be governed by the provisions contained in said special act."

The effect of Inland Compress Company v. Lee, supra, was to hold that the law as it then existed did not prohibit anyone from weighing products on his own scales without charge, when requested to do so. That rendered it possible for anyone engaged in business to bring customers to his door by erecting his own scales and weighing for the general public without charge, to the detriment of the public weigher. That appears to have been considered by the 1919 Legislature to be a defect in the law, and section 1745 was re-enacted with the amendment, "or be allowed to weigh any of the before mentioned articles offered for sale." That act made no other change in the law and contained no repealing clause. We think it was clearly the intention of the Legislature to amend the law in that one particular only, and to leave in full force the special provisions giving the owner the right to weigh his own products, and a bona fide purchaser the right to weigh products purchased by him, without taking from any seller the right to have his products weighed by the public weigher. The petition contained no allegation that the defendants were not bona fide purchasers of the cotton being weighed by them, or that they charged for such weighing. As was said in Inland Compress Co. v. Lee, supra, "The law creating a

public weigher was evidently intended for the benefit and protection of the producers of farm products and not to create a remunerative office."

The demurrer to the petition was properly sustained, and the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. p. 884. (2) 36 Cyc. p. 1087.